UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMIE L. MULLEN,

        Plaintiff,

Case No. 1:13-cv-268

Hon. Robert J. Jonker

vs.

J.P. MORGAN CHASE,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

This matter is now before the court on plaintiff's Notice of Removal (docket no. 10), plaintiff's motion for this Court "to enforce exclusive jurisdiction over this case" (docket no. 14), and plaintiff's motion requesting that Judge Jonker notify the Calhoun County 10th District Court that this case has been removed to federal court (docket no. 20).

    **I.**    **Background**

    **A.**    **Plaintiff's complaint**

*Pro se* plaintiff, Romie L. Mullen, proceeding *in forma pauperis*, filed a complaint naming J.P. Morgan Chase as defendant. *See* Compl. (docket no. 1). Plaintiff refers to his complaint as a "Validated order of complaint concerning illegal fraudulent foreclosure document's [sic] and ultra vires." *Id.* Plaintiff's complaint appears to contest action taken by defendant with respect to property located at 144 N. Mason Ave. in Battle Creek, Michigan. *Id.* It is unclear whether plaintiff is contesting a foreclosure, his eviction from the premises, or both. *Id.* Although plaintiff has named J.P. Morgan Chase as defendant, virtually all of the allegations are directed against a non-party, the Trott & Trott law firm, which may have represented defendant in the

foreclosure or eviction. *Id.* In this regard, plaintiff has alleged that Trott & Trott is a "foreclosure mill," "is well known for using . . . fraudulent affidavits," "has no legal and lawful standing to bring any claim to for [sic] foreclosure or eviction," and that it "failed to prove ownership [of the mortgage or note] by J.P. Morgan Chase." *Id.* In addition, plaintiff alleged that "TROTT & TROTT OR J.P. MORGAN CHASE" have represented that they are "the holder in due course of the note, and the original mortgage," that such representation is misleading, and that they are "bringing fraud on this court and R.I.C.O." *Id.* Plaintiff further alleged facts in his complaint which are frivolous, such as his allegation that "TROTT & TROTT has defaulted on two occasion [sic] to show up on a hearing <u>as ordered by this honorable court</u> and should be defaulted under the equal protection under the law rules." *Id.* (emphasis added). Finally, plaintiff alleged that he "has requested on several occasions to resolve this matter to no avail giving J.P. MORGAN CHASE a claim remedy which can be granted notwithstanding a loan modification on several occasions which has been ignored which I affiant have proof as evidence." *Id.*

    **B.**  **Plaintiff's "Notice of Removal"**

After the Court issued summonses in this case, plaintiff filed a "Notice of Removal," which lists three defendants: J.P. Chase; Trott & Trott; and "Pltf Atty Donald J. King." *See* Notice of Removal (docket no. 10). In this notice, plaintiff states that the removed case was filed on January 26, 2013 in the 8th District Court (Kalamazoo County) (sometimes referred to by plaintiff as the "88th Judicial Court of Kalamazoo County"). *Id.* Plaintiff states that the caption of the case is "J.P. Chase vs. Romie Mullen." *Id.* While plaintiff does not identify the case by docket number, the notice refers to an apparent state court case identified as "Case No. > 130602LT." *Id.* Plaintiff seeks removal under 28 U.S.C. § 1441(a) "because the 88th [sic] Judicial Court of Kalamazoo

2

County, Michigan" lies within the Western District of Michigan and that "diversity of citizenship exists between the parties in complaint, answers, and cross-complaint." *Id.* According to plaintiff, he is the defendant in the state case and has filed a "cross-complaint" in that case claiming that Trott & Trott Attorneys (neither a plaintiff nor defendant in the state court case) violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d). *Id.* Plaintiff states that pursuant to 28 U.S.C. § 1446(d), he filed a written notice of the removal of this action "with the Clerk of the 8th Judicial District Court in and for Kalamazoo County, Michigan." *Id.* While plaintiff states that "[a] true and correct copy of this Notice is attached hereto as Exhibit 2," he did not file any such "Exhibit 2" in this Court.

### C. Defendant's Motion for more definite statement

In lieu of filing an answer, defendant moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e). The Court has granted this motion in a separate order. *See* Order (docket no. 23).

### D. Plaintiffs' motion to enforce exclusive jurisdiction

The day after defendant filed its motion for a more definite statement, plaintiff filed a one-page paper which asks that this Court "enforce exclusive jurisdiction over this case, which is disputing the defendants' allegation of a default in a mortgage agreement." *See* Motion to enforce (docket no. 14). Two things are noteworthy in plaintiff's motion. First, plaintiff Romie L. Mullin unilaterally added a second plaintiff, Jamila Mullen, to this case. *Id.* Second, the "plaintiffs" unilaterally added an additional defendant to this federal action, referring to the defendants as "JP Morgan Chase Bank, N.A. and the Calhoun County Court." *Id.* Plaintiff further states that these defendants refuse "to acknowledge and comply with the Notice of Removal." *Id.*

### E. Plaintiff's "Second Notice"

Plaintiff then filed a document entitled "Second Notice," which included the second plaintiff (Jamila H. Mullen) and listed the defendants as: J.P. Chase; Trott & Trott; "Plf Atty"; "Federal Home Loan Mortgage Corp."; and Donald J. King. *See* Second Notice. This "Second Notice" was unsigned and contains three statements:

1. Proof of legal title.

2. A Certified copy of the Original "Note" (front and back) that contains my wet ink signature signed or endorsed on or about August 17, 2006 by the mortgagor "borrower" to include all additional updated endorsements thereafter. If the note was altered in any way shape or form after my signing without my full disclosure, it is rendered null and void.

3. You don't have the Mortgage, the Note, or the Assignment so your [sic] not the holder in Due course, therefore you have no standing that's why you should dismiss the case I [sic]. Demand to Cease and Desist.

*Id.*

The Court entered a conditional order striking the "Second Notice" because it was unsigned. *See* Conditional Order (docket no. 19). Plaintiff Romie Mullen responded by filing a signature page as ordered by the Court. *See* Signature Page (docket no. 21). In addition to the signature page, plaintiff attached a new copy of the "Second Notice" which listed Romie L. Mullen and Jamila H. Mullen as plaintiffs, with four defendants: J. P. Morgan Chase, Trott & Trott, Federal Home Loan Mortgage Corporation, and Donald J. King. *See* "Second Notice" Attachment (docket no. 21-1). Furthermore, the attachment made minor changes to paragraphs 2 and 3 as follows:

2. A Certified copy of the Original "Note" (front and back) that contains my wet ink signature signed or endorsed on or about August 17, 2006 by the mortgagor "borrower" to include all additional updated endorsements thereafter. If the note altered [sic] was altered in any

> way shape or form after my signing without my full disclosure, it is rendered null and void.
>
> 3. You don't have the Mortgage, the Note, or the Assignment so your [sic] not the holder in Due course, therefore you have no standing that's why you should dismiss the case [sic] I Demand to Cease and Desist.

*Id.* "Plaintiffs" also signed the Second Notice attachment with the preface "All Rights Reserved." *Id.*

### F. Plaintiff's request to notify Calhoun County Court

Plaintiff has also filed a paper which was docketed as a motion for order "requesting that notification signed by the Honorable Robert J. Jonker regarding Case no. 1:13-cd268 [sic] is forward [sic] to Honorable Franklin K. Line." *See* Motion (docket no. 20). In this motion, plaintiff set forth another variation of the parties, referring to plaintiffs Romie Mullen and Jamila Mullen, and defendants JP Morgan Chase Bank, "Home Loan", and "Trott and Trott." *Id.* Plaintiff has further confused the record by asserting that the state court case which he removed to federal court was not filed in Kalamazoo County's 8th District Court (as set forth in his "Notice of Removal"), but rather Calhoun County's 10th District Court, and that the state court judge presiding over this case "will not acknowledge the motion of removal without receiving a signed notification from Honorable Robert J. Jonker." *Id.*

### G. Defendant's combined response

The Court has allowed defendant to file a combined response to plaintiffs' multiple filings regarding this Court's purported jurisdiction over the state court's eviction action. *See* Order (docket no. 23). The attachments to defendant's motion shed some light on plaintiff's complaint, the state court proceedings, and plaintiff's various filings in this case. These documents include:

a Sheriff's Deed on Mortgage Sale to Federal Home Loan Corporation, dated June 28, 2012, conveying property located at 144 Mason Avenue N, Battle Creek, Michigan, said property having been subject to a mortgage made by Romie L. Mullen and Jamila Mullen, his wife, dated August 17, 2006 (docket no. 22-2); a complaint filed in Calhoun County's 10th District Court Case No. 13-0602LT, by plaintiff Federal Home Loan Mortgage Corporation against "Romie L. Mullen, Jamila Mullen and all other occupants" to recover possession of property located at 144 Mason Ave N, Battle Creek, Michigan, dated January 22, 2013 (docket no. 22-3); and a judgment entered on May 8, 2013, in favor of Federal Home Loan Mortgage Corporation and against defendants Romie L. Mullen, Jamila Mullen and all other occupants of the property in 10th District Court Case No. 13-0602LT (docket no. 22-4).

## II. Discussion

While defendant has filed a response in opposition to plaintiff's Notice of Removal, it has not filed a separate motion to remand the state court action. *See* 28 U.S.C. § 1447(c) ("[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)"). Nevertheless, it appears that this Court lacks subject matter jurisdiction over the state court action(s) which plaintiff attempted to remove to this Court.

"The defendant that removes a case from state court bears the burden of establishing federal subject-matter jurisdiction." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). The procedure for removal is set forth in 28 U.S.C. § 1446, which provides in pertinent part that:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division

within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

As an initial matter, the statute does not authorize plaintiff to file a Notice of Removal within a pending federal lawsuit. Upon removal, the state court civil action is treated as a separate federal action subject to its litigation history in the state court. *See generally*, *Munsey v. Testworth Laboratories*, 227 F.2d 902, 903 (6th Cir. 1955) ("[w]hen a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court") (internal quotation marks omitted). Here, plaintiff did not file a Notice of Removal as provided by the removal statute. Rather, plaintiff filed the Notice of Removal in his pending federal lawsuit against J.P. Morgan Chase. Plaintiff's action appears to be an attempt to use the Notice of Removal as a vehicle to halt the state eviction action, to join the state court eviction action into his pending federal lawsuit, and to expand his federal lawsuit to include an FDCPA claim against Trott & Trott, who is neither a plaintiff nor a defendant in the original state court eviction action.[1] Under the circumstances of this case, plaintiff's attempt to file a Notice of Removal within his current federal lawsuit is an improper use of the removal process which amounts to an abuse of process. Accordingly, plaintiff's Notice of Removal (docket no. 10) should be stricken as improvidently filed in this lawsuit.

Having stricken the Notice of Removal from this lawsuit, the Court could direct the Clerk's Office to re-file the Notice of Removal under 28 U.S.C. § 1446. However, the Court lacks

---

[1] The Court notes that plaintiff filed the Notice of Removal on April 24, 2013, approximately two weeks before the 10th District Court entered judgment granting the Federal Home Loan Mortgage Corporation possession of the property.

7

subject matter jurisdiction over the state court case which plaintiff seeks to remove. Plaintiff has the burden to demonstrate that the state court action is subject to removal pursuant to 28 U.S.C. § 1446. *See Jerome-Duncan, Incl.*, 176 F.3d at 907. Here, while plaintiff's Notice of Removal purports to remove a case from the 8th District Court (located in Kalamazoo County), other filings by both plaintiff and defendant indicate that the case which plaintiff sought to remove was pending in the 10th District Court (located in Calhoun County). In addition, by failing to comply with the statutory requirement that the Notice of Removal include a "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action," 28 U.S.C. § 1446, plaintiff has failed to present the Court with any documentation to positively identify the state court action subject to removal or the parties to that action. In short, the Notice of Removal filed by plaintiff in this case is facially deficient, because it fails to set forth sufficient facts for the Court to determine the state court civil action which plaintiff is seeking to remove. *See generally, Ada County Highway Dist. v. Northwest Pipeline GP,* No. 1:12-cv-00184-BLW, 2012 WL 4737869 (D. Idaho Oct. 3, 2012) (court lacked subject matter jurisdiction where the Notice of Removal was deficient on its face for failing to allege the defendant's citizenship); *Star Insurance Company v. West*, No. CV-10-8171-PCT-PGR, 2010 WL 3715155 (D. Ariz. Sept. 13, 2010)(court found lack of subject matter jurisdiction where the Notice of Removal was facially deficient because it failed to affirmatively set forth the facts necessary for the Court to determine the citizenship of any party).

Furthermore, even if the Court assumed that plaintiff sought to remove the 10th District Court proceeding (an assumption not supported by the Notice of Removal), this Court would lack subject matter jurisdiction of that state eviction proceeding due to lack of diversity jurisdiction

8

and lack of federal question jurisdiction. As this Court explained in *Federal National Mortgage Association v. Stanton*, No. 1:09-cv-401 (2009 WL 2243014) (W.D. Mich. July 22, 2009):

> In support of its Motion to Remand, FNMA [Federal National Mortgage Association] argues that removal was improper because the state court proceeding was based solely upon state law, and therefore, this Court lacked subject matter jurisdiction over the case. Both the state court complaint attached to the Notice of Removal and the documents FNMA submits in support of its motion show that FNMA's complaint in state court was based solely upon state law—a Summary Proceeding for eviction under Michigan law. Thus, FNMA is correct that this Court lacks federal question jurisdiction over this action.
>
> FNMA does not discuss the possibility of diversity jurisdiction in its motion. When a plaintiff chooses to file suit in state court, a defendant may remove the case to federal court if there is complete diversity of citizenship among the parties involved and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441(a). However, removal based upon diversity is proper "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). *See also Woolf v. Mary Kay Inc.*, 176 F.Supp.2d 654, 657 (N.D. Tex. 2001) (noting "the procedural bar against removal by an in-state defendant"). Stanton is a resident of Michigan, and therefore could not remove the eviction action based upon diversity of citizenship. *Fed. Nat'l Mortgage Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir.1989) ("LeCrone could not remove the action under 28 U.S.C. § 1441 because removal of a diversity case is available only if the defendant is not a citizen of the state in which the action is brought."). Thus, Stanton, an in-state defendant, could not have removed the action to this Court.

*Federal National Mortgage Association*, 2009 WL 223014 at *1.

Finally, because plaintiff's Notice of Removal was improvidently filed, his related motions for this Court "to enforce exclusive jurisdiction over this case" (docket no. 14) and that Judge Jonker notify the Calhoun County 10th District Court that this case has been removed to federal court (docket no. 20) are meritless and should be denied.

### III. Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's Notice of Removal (docket no. 10) be **STRICKEN** as improvidently filed within a pending federal action.

I further recommend that plaintiff's related motions for this Court "to enforce exclusive jurisdiction over this case" (docket no. 14) and that this court notify the Calhoun County 10th District Court that this case has been removed to federal court (docket no. 20) be **DENIED**.


Dated: December 23, 2013                     /s/ Hugh W. Brenneman, Jr.
                                             HUGH W. BRENNEMAN, JR.
                                             United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).