UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMIE L. MULLEN,

        Plaintiff,

vs.

J.P. MORGAN CHASE,

        Defendant.
                                     /

Case No. 1:13-cv-268

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

This matter is now before the court on defendant "JPMorgan Chase Bank , N.A.'s Motion for: (1) Order of dismissal of action with prejudice pursuant to the Court's December 23, 2013 order and W.D. Mich. W.D. Mich. LCivR 41.1, or, (2) in the alternative, order to show cause" (docket no. 27). Defendant's motion is unopposed.

**I.**    **Background**

The Court previously summarized plaintiff's complaint as follows:

*Pro se* plaintiff, Romie L. Mullen, proceeding *in forma pauperis*, filed a complaint naming J.P. Morgan Chase as defendant. *See* Compl. (docket no. 1). Plaintiff refers to his complaint as a "Validated order of complaint concerning illegal fraudulent foreclosure document's [sic] and ultra vires." *Id.* Plaintiff's complaint appears to contest action taken by defendant with respect to property located at 144 N. Mason Ave. in Battle Creek, Michigan. *Id.* It is unclear whether plaintiff is contesting a foreclosure, his eviction from the premises, or both. *Id.* Although plaintiff has named J.P. Morgan Chase as defendant, virtually all of the allegations are directed against a non-party, the Trott & Trott law firm, which may have represented defendant in the foreclosure or eviction. *Id.* In this regard, plaintiff has alleged that Trott & Trott is a "foreclosure mill," "is well known for using . . . fraudulent affidavits," "has no legal and lawful standing to bring any claim to for [sic] foreclosure or eviction," and that it "failed to prove ownership [of the mortgage or note] by J.P. Morgan Chase." *Id.* In addition, plaintiff alleged that "TROTT & TROTT OR J.P. MORGAN CHASE" have represented that they are "the holder in due course of the note, and the original mortgage," that such representation is

> misleading, and that they are "bringing fraud on this court and R.I.C.O." *Id.* Plaintiff further alleged facts in his complaint which are frivolous, such as his allegation that "TROTT & TROTT has defaulted on two occasion [sic] to show up on a hearing <u>as ordered by this honorable court</u> and should be defaulted under the equal protection under the law rules." *Id.* (emphasis added). Finally, plaintiff alleged that he "has requested on several occasions to resolve this matter to no avail giving J.P. MORGAN CHASE a claim remedy which can be granted notwithstanding a loan modification on several occasions which has been ignored which I affiant have proof as evidence." *Id.*

Report and Recommendation at pp. 1-2 (docket no. 24). Plaintiff followed his complaint with various convoluted filings including a Notice of Removal and other motions related to state litigation, all of which were discussed at length in the previous Report and Recommendation. *See id.* at pp. 2-5. Ultimately, plaintiff's Notice of Removal was stricken and his related motions denied. *See* Order Approving and Adopting Report and Recommendation (docket no. 26).

In conjunction with the Report and Recommendation, the undersigned issued a separate order on December 23, 2013, which granted defendant's motion for a more definite statement. Order at p. 4 (docket no. 23). The order also directed plaintiff to file an amended complaint:

> Plaintiff is directed to file an amended complaint within 14 days from the entry of this order. The amended complaint must comply with the requirements of both Fed. R. Civ. P.8(a)(2) ("a short and plain statement of the claim showing that the pleader is entitled to relief") and Fed. R. Civ. P. 10(b) (allegations must be placed in numbered paragraphs with "each claim founded on a separate transaction or occurrence . . . stated in a separate count"). If plaintiff fails to file an amended complaint as directed, then his action will be subject to dismissal for want of prosecution pursuant to W.D. Mich. LCivR 41.1.

*Id.* Defendant filed the present motion to dismiss plaintiff's action because he failed to file an amended complaint as directed by the Court.

2

## II. Discussion

### A. Lack of prosecution and failure to comply with a Court order

As of the date of this report, plaintiff has neither filed an amended complaint nor responded to defendant's motion to dismiss. In its motion, defendant has requested alternative relief. As its first relief requested, defendant seeks dismissal of this action with prejudice due to plaintiff's failure to comply with the Court's December 23, 2013 order. Defendant can seek a dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b), which provides in pertinent part that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

While defendant does not cite Fed. R. Civ. P. 41(b), this rule provides authority for its request to dismiss plaintiff's complaint with prejudice. In support of this request, the record reflects: that plaintiff has failed to comply with the Court's December 23, 2013 order directing him to file an amended complaint; that defendant seeks dismissal with prejudice on this ground; and, that plaintiff does not oppose defendant's motion. Plaintiff's failure to file an amended complaint in compliance with the Court's order and his failure to respond to defendant's motion is strong evidence that he is no longer interested in pursuing this litigation. Moreover, plaintiff will have a further opportunity to respond by filing an objection to this Report and Recommendation. Should he fail to do so, defendant's motion to dismiss plaintiff's action with prejudice should be granted.

### B. Show cause order

If the district court disagrees with the undersigned's recommendation to dismiss this action with prejudice, then it should grant defendant's second relief requested and issue a show cause order under W.D. Mich. LCivR 41.1, and issue a show cause order under W.D. Mich. LCivR 41.1,

for plaintiff's failure to comply with the Court's December 23, 2013 order. Rule 41.1 provides in pertinent part that:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge may enter an order of dismissal with or without prejudice, with or without costs.

Thus, as an alternative to dismissal of this action with prejudice, the Court should issue a show cause order pursuant to W.D. Mich. LCivR 41.1, directing plaintiff to show cause, in writing, why his claims against defendant should not be dismissed for lack of prosecution and for failure to comply with an order of this Court.

### III. Recommendation

For the reasons set forth above, I respectfully recommend that defendant's motion (docket no. 27) be **GRANTED** with respect to the first relief requested and that this action be dismissed with prejudice for lack of prosecution and for failure to comply with this Court's December 23, 2013 order.

In the alternative, I recommend that defendant's motion (docket no. 27) be **GRANTED** with respect to the second relief requested, and that this Court issue a show cause order pursuant to W.D. Mich. LCivR 41.1, directing plaintiff to show cause, in writing, why his claims against defendant should not be dismissed for lack of prosecution and for failure to comply with this Court's December 23, 2013 order.

Dated: July 7, 2014                    /s/ Hugh W. Brenneman, Jr.
                                       HUGH W. BRENNEMAN, JR.
                                       United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).